UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

-------------------------------------------------X
MELVIN JACKSON

        Plaintiff,

-against-

THE UNITED STATES OF AMERICA

        Defendant.
-------------------------------------------------X

Docket No. 8:18-CV-225-T-35TGW

**COMPLAINT**

    Plaintiff, complaining of the defendant, THE UNITED STATES OF AMERICA, by his attorneys, FRANZBLAU DRATCH, P.C. respectfully alleges upon information and belief as follows:

    1.    At the time of the negligence committed in this action, plaintiff was was an inmate at the Federal Correction Institute Coleman, in the City of Sumterville, in the County of Sumter. Accordingly, venue lies in this district.

    2.    This cause of action arises from medical negligence that occurred from June 26, 2015 until plaintiff was released from the FCI Coleman.

    3.    This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et. seq.* and 39 U.S.C. § 409.

    4.    That on or or about August 19, 2016, plaintiff caused an administrative claim to be filed with the United States Bureau of Prisons.

    5.    That defendant denied plaintiff's claim by letter dated August 3, 2017.

    6.    That this action is being commenced within six (6) months of receiving the denial of plaintiff's administrative claim

    7.    That at all times hereinafter mentioned, defendant was to provide

medical care to the plaintiff as a prisoner under the care and custody of the defendant.

8. On or about June 26, 2015 , plaintiff while confined to FCI Coleman when suffered an injury to his left Achilles tendon.

9. Upon receiving the injury, plaintiff immediately presented to the medical department and complained of pain to his left ankle. No action was taken by the defendant's employee with respect to said pain except for a splint and ibuprofen.

10. On or about July 11, 2015, approximately two weeks after the injury plaintiff received an MRI of his left ankle which was diagnosed as a full thickness tear of the Achilles Tendon.

11. Not until August 31, 2015, in excess of two months following the injury, plaintiff was seen by an orthopaedic specialist who informed plaintiff that due to the length of time in having plaintiff seen by the specialist, surgery was no longer a viable option.

12. Instead, plaintiff was required to be placed in a non-weight bearing cast for approximately 6 months. Moreover, plaintiff was not provided with any physical therapy following being in a cast for six months.

14.. The standard of care requires that torn Achilles tendon be surgically repaired in a relatively short time following the tear to achieve an optimal result.

15. Moreover, the standard of care for an individual who is not risk adverse to a surgical procedure to undergo surgery of the Achilles Tendon to achieve an optimal result in returning to normal function of the ankle and foot.

16. The defendant deviated from the standard of care in failing to timely treat, recognize, and repair plaintiff's torn ruptured Achilles Tendon.

17. That as a result of the aforementioned the plaintiff sustained severe injuries of a permanent nature preventing the plaintiff from performing his normal activities of life and business resulting in great pain to his mind and body, loss of enjoyment of life and resulting, loss of earning capacity and other expenses occasioned by injuries and disability sustained by him as a result of the aforementioned.

**WHEREFORE,** plaintiff demands judgment against the defendant for the following relief:

(A) Damages;

(B) Costs;

(C) Interest;

(D) for such other relief as the Court deems just and proper

DATED: January 17, 2018

MORGAN&MORGAN

By: ANDREW R. FRISCH
Attorneys for Plaintff
600 N. Pine Island Road, Suite 400
Plantation, Florida

FRANZBLAU DRATCH, P.C.

By: BRIAN M. DRATCH
Attorneys for Plaintiff
354 Eisenhower Parkway
Livingston, NJ 07039
(973) 992-3700